UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

ADRIENNE COLEMAN, Individually and as )
Next Friend of M.C. and I.C., Minors, )
)
    Plaintiff(s), )
)
vs. ) Case No. 2:08cv4 JCH
)
REBECCA E. KOETTERS, et al., )
)
    Defendant(s). )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Rebecca E. Koetters, Glenda Coons, Karen Berding, Michelle Cebulko, Jeffrey Cox, Rebecca Culler, Peggy Pearl, Gilbert Alderson, Deborah E. Scott, Missouri Family Support Division & Children's Division, and Phillip W. Livesay's (collectively "Defendants"[1]) Motion to Dismiss Plaintiffs' Complaint and for More Definite Statement ("Motion to Dismiss"), filed March 28, 2008. (Doc. No. 22). The matter is fully briefed and ready for disposition.

## BACKGROUND[2]

On March 12, 2007, M.C., the daughter of Plaintiff Adrienne Coleman ("Coleman"), sustained a burn to her left hand. (Compl., ¶¶ 2, 15). The nurse at the elementary school M.C. attended reported M.C.'s injury to the child abuse hotline. (Id., ¶ 22). The matter was assigned to Defendant Rebecca E. Koetters ("Koetters"), a children's service worker employed by the Children's Division of the Family Support Division & Children's Division ("FSD/CD") of the State of Missouri. (Id., ¶¶

---

[1] Defendant Troy Weber does not join in the instant Motion to Dismiss.

[2] The majority of the facts in the Court's background section are taken from Plaintiffs' Complaint, to which Defendants have not yet filed an answer.

4, 23).[3] On March 16, 2007, Koetters interviewed M.C. at her school, in the presence of Detectives Hobbs and Weber of the Hannibal Police Department. (Id., ¶¶ 23, 24). Koetters described the circumstances surrounding the injury as follows:

> [M.C.] sustained serious burns to all 4 fingers on her left hand. [M.C.] advised that she received these burns on Monday evening (3/12/07) while she was made to wash her hands. [M.C.] stated that her mother, Adrienne had run the water for her to wash her hands because if she didn't, she stated she would "have to go under her grandmother's bed." [M.C.'s] hand was observed to have a significant line of demarcation across all 4 fingers above her knuckles which indicated that the injury was not one of an accidental nature; and instead would indicate that her hand was physically held in a still position with her hand immersed in extremely hot liquid.[4] Her fingers were observed to have blisters on each of her 4 fingers and were swollen. The mother advised school personnel on 1 occasion that she had taken the child to Hannibal Ambulatory Clinic and also advised personnel that she had arranged an appointment for [M.C.] to receive medical treatment on 3/15/07. As of this date (3/16/07), the child has yet to receive medical attention for the severe injuries she has sustained.

(*Recommendation For Assumption Of Protective Custody* ("RAPC"), attached to Defendants' Motion to Dismiss as Exh. A[5], P. 1, ¶ 4).

Based on the foregoing, Koetters recommended to Defendant Phillip W. Livesay ("Livesay"), the Juvenile Officer of the Tenth Judicial Circuit of Missouri, that the juvenile court assume jurisdiction of M.C., and immediately place her in appropriate alternative care. (RAPC, PP. 1, 2; Memorandum in Support of Defendants' Motion to Dismiss and for More Definite Statement

---

[3] According to Plaintiffs, FSD/CD is a state agency charged with, among other things, investigating hotline calls regarding alleged abuse and neglect. (Compl., ¶ 10).

[4] Plaintiffs deny M.C. ever reported Coleman or anyone else held her hand under scalding water. (Compl., ¶¶ 21, 25).

[5] Plaintiffs failed to attach the RAPC to their Complaint, nor did they attach other exhibits referenced in their Complaint. (See, e.g., Compl., ¶¶ 37, 95).

("Defendants' Memo in Support"), P. 2).[6] Livesay then formally initiated judicial proceedings in family court, by filing an application with the Marion County Circuit Court for temporary protective custody ("TPC") of M.C. (Compl., ¶ 37). Livesay also filed a petition for judicial custody of both M.C., and her sister, I.C., based on allegations M.C. suffered abuse and neglect. (Compl., ¶¶ 37, 42, 46; Defendants' Memo in Support, P. 3). A protective custody hearing was held on March 20, 2007, after which the children remained in TPC. (Compl., ¶¶ 49, 67, 91).[7] On July 11, 2007, a trial was held on the petitions for judicial custody, and the following day the state court dismissed the petitions. (Id., ¶¶ 92, 95). M.C. and I.C. were released to Coleman's custody on July 13, 2007. (Id., ¶¶ 96-98).

According to Plaintiffs, despite the unequivocal Judgment, on July 17, 2007, Defendants Koetters and Glenda Coons ("Coons")[8] instigated the administrative review process with the Child Abuse and Neglect Review Board ("CANRB")[9]. (Compl., ¶¶ 8, 99).[10] In order to preclude a finding of waiver, Coleman then requested a CANRB hearing. (Id., ¶ 102). A hearing was held on

---

[6] In requesting immediate removal from the family home, Koetters stated as follows: "The Children's Division have (sic) used reasonable efforts to eliminate the removal of said child from the home; however the emergency nature of the situation prevented the use of Intensive In-Home Services or any other type of in-home efforts, and it is in the child's best interest that she be placed in immediate protective custody." (RAPC, P. 2, ¶ 9).

[7] Plaintiffs maintain that although M.C. was interviewed by an independent expert from the Child Advocacy Center prior to the protective custody hearing, Defendants Koetters, Weber and Livesay intentionally failed to disclose the exculpatory results of that interview to Coleman's counsel prior to or during the hearing. (Compl., ¶¶ 71-83).

[8] Coons was employed by FSD/CD as the Marion County Circuit Manager, and further served as Koetters' supervisor. (Compl., ¶ 7).

[9] According to Plaintiffs, CANRB is a subdivision of FSD/CD, designed to provide an independent review of the Children's Divisions's conclusions. (Compl., ¶ 8).

[10] Plaintiffs allege Koetters' and Coons' sole purpose in initiating the CANRB review process was to place Coleman on the Child Abuse Registry maintained by FSD/CD. (Compl., ¶ 100).

November 15, 2007, and Coleman appeared through counsel. (Id., ¶¶ 107, 108). On November 19, 2007, the CANRB conveyed its final decision upholding Koetters' and Coons' determination of abuse and neglect. (Id., ¶¶ 113, 114). Coleman did not petition for *de novo* review of the CANRB's decision in state circuit court. (Defendants' Memo in Support, P. 3).[11]

Plaintiffs Coleman, M.C. and I.C. filed the instant Complaint for Violation of their Civil Rights ("Complaint") on January 22, 2008. (Doc. No. 1). Plaintiffs' Complaint consists of sections entitled Parties, Venue, Jurisdiction, Factual Allegations, Disrupting the Coleman Family Unit, FSD/CD Case Management, Family Court Proceedings, and CANRB Proceedings. (Id., PP. 1-28). Plaintiffs do not include Counts in their Complaint, delineating separate causes of action. Rather, at the conclusion of the foregoing sections they merely assert the following prayer for relief:

> WHEREFORE, for all of the foregoing reasons, Plaintiffs respectfully request that this honorable Court to enter the following Orders and Judgment in favor of Plaintiffs and against Defendants as follows:
> a) Declaration pursuant to § 2201 and §§ 536.140.3 and 536.150 RSMo that Defendants Koetters, Livesay, Weber and FSD/CD, while acting under color of law, violated §§ 1983, 1985, and 1986 and Plaintiffs' civil rights by rupturing the Coleman family unit and placing both M.C. and I.C., minors, in temporary protective custody without due process of law and in accordance with Amendments I, IV, XIV of the U.S. Constitution; MO Const. art. I, §§ 2, 10, and 15; Title IV-E of the Social Security Act, codified at 42 U.S.C. 671(15)(D), Rule 111, and §§ 210.125 & 211.183 RSMo;
> b) An Order enjoining both FSD/CD from recommending assumption of protective custody in any case now pending in any Family Court not authorized by each Title IV-E of the Social Security Act, codified at 42 U.S.C. 671(15)(D), Rule 111.14(f)(2)(b), and § 210.125 & 211.183 RSMo;
> c) An Order requiring FSD/CD to obtain an independent professional medical opinion before recommending assumption of protective custody in any case in which the allegation is based upon suspicion of medical "neglect;"

---

[11] Plaintiffs maintain FSD/CD's refusal to release duly-requested, critical information frustrated Coleman's efforts to prepare her petition for necessary and appropriate *de novo* review. (Compl. ¶ 118).

- d) A [] Declaration pursuant to 42 U.S.C. §§ 2201 and §§ 536.140.3 and 536.150 RSMo that Defendants Koetters, Coons, Scott and FSD/CD, while acting under color of law, violated §§ 1983, 1985, and 1986 and Plaintiffs' civil rights by placing [Coleman] on the Child Abuse Registry without due process of law and in accordance with Amendments I, IV, XIV of the U.S. Constitution; MO Const. art. I, §§ 2, 10, and 15; Title IV-E of the Social Security Act, codified at 42 U.S.C. 671(15)(D), Rule 111, and §§ 210.125, 210.152, 210.153 & 211.183 RSMo;
- e) An Order awarding damages to Plaintiffs for unlawful deprivation of their civil rights, loss of intact family unit, loss of fundamental parental rights to direct the upbringing of the children, loss of wages, loss of educational opportunities in an amount to be determined by a jury;
- f) An Order awarding interim attorney's fees and costs pursuant to 42 U.S.C. § 1988 to Plaintiffs and/or the Tate Law Firm, LLC, at the prevailing hourly market rate and at a number of hours reasonably expended in an amount to be determined by a jury;
- g) An Order awarding attorney's fees and costs at the conclusion of this matter pursuant to 42 U.S.C. § 1988 to Plaintiffs and/or the Tate Law Firm, LLC, at the prevailing hourly market rate and at a number of hours reasonably expended in an amount to be determined by a jury; and
- h) Any other relief this honorable Court deems necessary and appropriate.

(Compl., PP. 28-30).

As stated above, Defendants filed the instant Motion to Dismiss on March 28, 2008, claiming Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction, and for failure to state a claim for which relief may be granted. (Doc. No. 22). In addition, and/or in the alternative, Defendants move that Plaintiffs be required to provide a more definite statement. (Id.).

## DISCUSSION

Federal Rules of Civil Procedure Rule 8 states in relevant part as follows:

**(a)** **Claim for Relief.** A pleading that states a claim for relief must contain:....
  **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
  **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Upon consideration, the Court finds Plaintiffs' Complaint fails to satisfy the pleading requirements of Rule 8. Specifically, as noted above, Plaintiffs do not delineate separate causes of action in their Complaint; rather, they provide a detailed factual background, complete with numerous references to Constitutional and statutory provisions, followed only by a prayer for relief. The Court finds this manner of pleading deprives Defendants of the opportunity to prepare an effective defense, leaving them instead to speculate as to the manner in which the specific acts allegedly taken by each Defendant support any number of potential causes of action. Furthermore, the Court holds it would be prejudicial to all parties to address Defendants' Motion to Dismiss in relation to the various types of relief sought, rather than in the context of properly plead causes of action. The Court will therefore grant Plaintiffs until **Friday, August 8, 2008**, within which to file an Amended Complaint addressing the deficiencies noted in this Order.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Complaint and for More Definite Statement (Doc. No. 22) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs are granted until **Friday, August 8, 2008**, within which to file their Amended Complaint. Plaintiffs' Amended Complaint shall include the following information:

1. Captions for each cause of action, including the title of the Count, the constitutional, statutory, common law, or other provision[s] on which the Count relies, and the specific Defendant[s] accused of wrongdoing in such Count;[12]

---

[12] For example, without limiting Plaintiffs, the Court notes they may wish to include separate causes of action against Defendant Koetters with respect to her filing of the original RAPC; against Defendant Livesay with respect to his initiation of judicial proceedings in family court; against Defendants Koetters, Livesay, and Weber with respect to their presentation and alleged withholding

2. Numbered paragraphs under each Count, providing short and plain allegations demonstrating the manner in which each Defendant named in the Count participated in the wrongdoing, and the source of Plaintiffs' entitlement to relief thereunder; and

3. A demand for the relief sought under each Count, which may include relief in the alternative or different types of relief.

**IT IS FURTHER ORDERED** that Plaintiffs shall attach to their Amended Complaint copies of every exhibit referenced therein.

Dated this 25th day of July, 2008.

        /s/ Jean C. Hamilton
        UNITED STATES DISTRICT JUDGE

---

of evidence before the family court; against Defendants Koetters and Coons, with respect to their instigation of the administrative review process with the CANRB; against Defendants Koetters, Coons, Berding, Cebulko, Cox, Culler, Pearl, Alderson and Scott, with respect to their conduct during the CANRB proceedings; and against Defendants Berding, Cebulko, Cox, Culler, Pearl, and Alderson, with respect to their rendering of the CANRB decision.